IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACQUELYN HARDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 2:24-cv-326-MHT-SMD |
| | ) |
| WILLIAM A. BELL, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Jacquelyn Hardy ("Hardy") filed this action against William A. Bell ("Judge Bell"), a District Judge in the Tenth Judicial Circuit Court of Alabama.[1] Hardy moved to proceed *in forma pauperis*, and the undersigned granted her request. *See* Mot. (Doc. 2); Order (Doc. 6). Because Hardy is proceeding *in forma pauperis*, the undersigned reviewed her complaint pursuant to 28 U.S.C. § 1915(e). *See* Order (Doc. 6). Based on that review, the undersigned found that the complaint failed to meet federal pleading standards. Order (Doc. 7) pp. 4-7. Therefore, the undersigned ordered Hardy to file an amended complaint and provided her with specific instructions on how to amend. *Id.* at 4-8. Hardy filed an amended complaint, Am. Compl. (Doc. 11), which is now before the undersigned for screening pursuant to § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). Pursuant to that review, the undersigned

---

[1] Hardy's original complaint identifies Judge Bell as William A. Bell, Jr., a District Judge in the District Court of Jefferson County. Compl. Ex. (Doc. 1-1) pp. 5-6.

recommends that Hardy's amended complaint be dismissed without further opportunity to amend.

I.   **FACTUAL ALLEGATIONS**

Hardy's amended complaint, like her original complaint, is far from a model of clarity. Am. Compl. (Doc. 11). As best the undersigned can tell, Hardy alleges the following:[2]

Hardy received a speeding ticket for driving 93 miles per hour in a 60 miles per hour zone. Compl. Ex. (Doc. 1-1) p. 6. In response, Hardy mailed the state court a notarized document titled "Advernment of Jurisdiction," in which she challenged the court's jurisdiction over the ticket. Am. Compl. (Doc. 11) p. 2. On April 29, 2024, she appeared in the District Court of Jefferson County for trial, where she again challenged that court's jurisdiction. *Id.*; Compl. Ex. (Doc. 1-1) p. 6.

Judge Bell presided over Hardy's trial. Am. Compl. (Doc. 11); Compl. Ex. (Doc. 1-1) p. 6. Hardy contends that Judge Bell did not address her "Advernment of Jurisdiction" or permit her to speak in court. Am. Compl. (Doc. 11) p. 2. Ultimately, Hardy claims, Judge Bell "became irritated" and held her in contempt of court. *Id.* at 1-2. Hardy was then removed from the courtroom and placed in jail while the trial continued. Compl. Ex. (Doc. 1-1) p. 6. Although Hardy asserts that Judge Bell entered a guilty plea on her behalf after

---

[2] In ordering Hardy to amend her complaint, the undersigned warned her that the Court would consider only the allegations in the amended complaint and would not consider her original complaint. *See* Order (Doc. 7) p. 8. However, Hardy attached several documents to her original complaint that she did not attach to her amended complaint. Compl. Ex. (Doc. 1-1). These documents, which include orders from the state court proceeding giving rise to this lawsuit, provide much-needed clarification. Thus, the undersigned references Hardy's original complaint and its exhibits as well as her amended complaint here, as specified, for additional context.

she was removed, Judge Bell's contempt order indicates that her trial continued after she was removed, and she was found guilty of speeding. Am. Compl. (Doc. 11) p. 2; Compl. Ex. (Doc. 1-1) p. 6.

Hardy claims that while she was in jail, she was unable to make a phone call, and her family was not notified of her location. Am. Compl. (Doc. 11) p. 2. Further, because Hardy did not have access to her medication while in jail, she states that she "became very ill." *Id.* Hardy appeared in court again on May 1, 2024, where Judge Bell suspended her remaining contempt sentence. Compl. Ex. (Doc. 1-1) pp. 5-6.

## II.   CLAIMS

Hardy does not set forth any specific claims against Judge Bell. Instead, she generally states that she "would be entitled to [her] fees" and is "requesting the amount owed." Am. Compl. (Doc. 11) pp. 1-2.

## III.   JURISDICTION

Federal courts have jurisdiction to hear two general types of cases: (1) cases that arise under federal law, 28 U.S.C. § 1331, and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

As the undersigned previously advised Hardy, Federal Rule of Civil Procedure 8 requires a pleading to include "a short and plain statement of the grounds for the court's

3

jurisdiction." *See* Order (Doc. 7) p. 2 (quoting FED. R. CIV. P. 8(a)(1)). In directing her to amend, the undersigned advised Hardy that "[t]he amended complaint shall contain a jurisdictional section wherein Hardy sets forth the specific federal cause(s) of action under which she brings her claims or alleges sufficient facts to support diversity jurisdiction." *Id.* at 7.

Here, Hardy's amended complaint does not provide a plain statement of the grounds for this Court's jurisdiction. Further, the amended complaint does not establish the Court's jurisdiction by setting forth a federal claim or by alleging diversity jurisdiction. As such, the undersigned finds that Hardy's amended complaint fails to establish that this Court has jurisdiction over her dispute—whatever it may be. Accordingly, the undersigned recommends that Hardy's amended complaint be dismissed for lack of subject matter jurisdiction.

## IV.   SECTION 1915 REVIEW

Assuming *arguendo* that this Court has jurisdiction over Hardy's dispute,[3] the amended complaint should be dismissed because Judge Bell is entitled to judicial immunity and because the amended complaint does not meet federal pleading standards.

Twenty-eight U.S.C. § 1915(e)(2)(B) instructs a court to dismiss an *in forma pauperis* complaint that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such

---

[3] Although it is unclear from the amended complaint, it appears from the original complaint that Hardy is attempting to assert that her civil rights were violated during the state court proceeding. *See* Compl. (Doc. 1) p. 1. ("My 6th Amendment right was converted into a crime."). If this interpretation is correct, Hardy's amended complaint could be construed as an attempt to state a 42 U.S.C. § 1983 claim.

4

relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). While a court is required to liberally construe pro se pleadings, such "leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### A. Judge Bell is entitled to absolute judicial immunity.

Here, Hardy sues an Alabama district court judge for finding her guilty and holding her in contempt in a traffic case. Judges are entitled to absolute immunity from damages for action taken in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). This absolute judicial immunity applies even when the judge acted in error, maliciously, or in excess of his jurisdiction. *Id.* Hardy's amended complaint is due to be dismissed because Judge Bell is absolutely immune.

### B. Hardy's amended complaint fails to meet federal pleading standards.

Federal Rule of Civil Procedure 8 requires a pleading to include, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a)(2)-(3). Additionally, Federal Rule of Civil Procedure 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

"Rules 8 and 10 work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the

5

plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" *Meide v. Pulse Evolution Corp.*, 2019 WL 4918264, at *1-2 (M.D. Fla. Oct. 4, 2019) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

Hardy's original complaint failed to meet federal pleadings standards. The undersigned previously advised Hardy that her original complaint was deficient in part because "other than a lone paragraph of legal conclusions couched as facts, the complaint does not set forth factual allegations, in numbered paragraphs, giving rise to Hardy's claim(s). Instead, Hardy merely attaches a host of documents to her complaint without identifying what they are or how they relate to her claim(s)." Order (Doc. 7) p. 4 (citing Compl. Ex. (Doc. 1-1) (footnote omitted)). Further, the undersigned advised Hardy that her "complaint does not identify the claim(s) [she] asserts against Judge Bell in separate counts nor does the complaint explicitly connect Judge Bell to any particular action or allegation of wrongdoing." *Id.* at 4-5.

Because of these deficiencies, the undersigned ordered Hardy to amend her complaint "to clearly state the claim(s) she asserts against Judge Bell, provide the statutory basis for those claims, and provide the Court with clear, concise underlying facts—set forth in numbered paragraphs—supporting those claims." *Id.* at 5. The undersigned also informed Hardy that her amended complaint must comply with the following requirements:

> [(1)] The amended complaint shall contain a **section of facts** set forth in numbered paragraphs, each limited as far as practicable to a specific set of circumstances. Allegations of fact must show that Hardy is entitled to relief and must be stated in a clear, concise, and direct manner. They may not include legal argument, legal standards, or

       legal conclusions. Hardy shall provide the specific dates, as far as practicable, on which the factual allegations occurred. Hardy shall not attach documents to the amended complaint without tying their relevance to a factual allegation.

[(2)]    The amended complaint shall contain a **cause of action section**, wherein Hardy shall set forth the individual cause(s) of action she asserts against Judge Bell or another properly named defendant. Within each cause of action, Hardy shall identify the statute under which the claim is brought. And for each cause of action alleged, Hardy must set forth the factual allegations about Judge Bell or another defendant's conduct supporting that specific cause of action. Hardy should not incorporate by reference previous paragraphs within the complaint.

[(3)]    The amended complaint shall contain a **section stating the relief that Hardy seeks** against Judge Bell or another properly named defendant.

*Id.* at 7-8.

    Here, Hardy's two-page amended complaint does not correct the deficiencies in her original complaint and in no way complies with the undersigned's directions to amend. Indeed, like the original complaint, the amended complaint falls well short of the federal pleading standards. Specifically, the amended complaint once again violates Rule 8 because it does not provide factual allegations showing Hardy is entitled to relief or demand any actual relief sought. *See generally* Am. Compl. (Doc. 11) pp. 1-2. Further, the amended complaint once again violates Rule 10 because its factual allegations are not set forth in numbered paragraphs limited to a single set of circumstances, and many of Hardy's factual allegations are legal arguments and legal conclusions couched as facts. Finally, the amended complaint remains without any explicitly stated cause of action. As such, Hardy's amended complaint does not comply with the federal pleading standards or the

undersigned's order to amend. Accordingly, the undersigned recommends that Hardy's amended complaint be dismissed without further leave to amend.[4]

## V. CONCLUSION

For these reasons, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Hardy's amended complaint (Doc. 11) be DISMISSED without further opportunity to amend. It is further

ORDERED that Hardy shall file any objections to this Recommendation **on or before September 5, 2024**. Hardy must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Hardy from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of Hardy to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-

---

[4] In the order to amend, the undersigned advised Hardy that her failure to comply with the order may result in a recommendation that her case be dismissed for failure to prosecute and failure to abide by Court orders. Order (Doc. 7) p. 8. Because the undersigned has afforded Hardy an opportunity to amend with specific instructions on how to do so and because Hardy has wholly failed to heed the undersigned's directions, Hardy should not be afforded an additional opportunity to amend. *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (noting that a "plaintiff ordinarily should get *one* opportunity to amend [her] complaint before dismissal with prejudice" (emphasis added)).

1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 22nd day of August, 2024.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE